IIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-28-BO

| | | |
|---|---|---|
| WANDA LILES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A

hearing was held before the undersigned on February 15, 2023, at Elizabeth City, North Carolina

and the motions are ripe for ruling. For the reasons that follow, plaintiff's motion is granted and

the matter is remanded to the Commissioner for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of

the Commissioner denying her application for disability and disability insurance benefits pursuant

to Title II of the Social Security Act and for supplemental security income pursuant to Title XVI

of the Social Security Act. Plaintiff protectively filed her application March 12, 2020, alleging

disability beginning March 3, 2020. After initial denials, plaintiff proceeded to a telephone hearing

before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The

ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this

Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

2

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments

meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the

claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform

his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to

the Commissioner at step five to show that the claimant, based on his or her age, education, work

experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform

other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements through

September 30, 2025, and had not engaged in substantial gainful activity since her alleged onset

date. At step two, the ALJ found that plaintiff's rheumatoid arthritis, morbid obesity, hypertension,

sleep apnea, and degenerative disc disease were severe impairments but found at step three that

neither her impairments nor a combination of her impairments met or medically equaled a Listing.

The ALJ found that plaintiff had the RFC to perform a reduced range of sedentary work and that

she could not perform any past relevant work at step four. At step five, however, the ALJ found

that jobs existed in sufficient numbers in the national economy that plaintiff could perform based

on her age, education, work experience, and RFC, including document preparer, call-out operator,

and charge account clerk. Accordingly, the ALJ determined that plaintiff was not disabled as of

the date of the decision.

Plaintiff has demonstrated that remand is required in this matter for the ALJ to consider

the appropriate manipulative limitations. An RFC should reflect the most that a claimant can do,

despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect

the claimant's ability to perform sustained work-related activities in a work setting on regular and

3

continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

The ALJ determined that plaintiff could engage in frequent operating of hand controls, handling, fingering, and feeling with the upper extremities. In the RFC analysis, the ALJ cites to portions of the record which demonstrate plaintiff suffered from swelling in her wrists and hands and decreased range of motion in her wrists and elbows due to her rheumatoid arthritis. For example, in one of the records cited by the ALJ, plaintiff's provider note revealed that she has "definite disease activity related to rheumatoid arthritis" which affects multiple joints, "particularly the small joints of the hands and both wrists." Tr. 408. Another record cited by the ALJ includes notation of some decreased flexion and extension of both wrists with tissue swelling present and tissue swelling in both hands. Tr. 438. But the ALJ fails to explain how he determined that despite this evidence plaintiff could frequently engage in, among other things, handling and fingering. The ALJ failed to perform a sufficient function-by-function analysis or demonstrate how the facts cited support his determination that plaintiff could frequently, as opposed to occasionally, engage in these functions. *Monroe v. Colvin*, 826 F.3d 176, 189–90 (4th Cir. 2016). In light of this failure, the Court cannot adequately review the decision, and remand is required. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) ("meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion."). On remand, the ALJ should specifically consider the extent of plaintiff's manipulative limitations in a work setting on a regular and consistent basis.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED.

4

The decision of the Commissioner is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g)

for further proceedings consistent with the foregoing.[1]


SO ORDERED, this **23** day of March 2023.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] On remand, the ALJ is not limited to consideration of the above-cited error.